(Court of Appeal, Parish of Orleans.)

## JOHN IGELSTROEM SIGN AND LABEL CO. vs. DRS. FORD BROS.

Issue of fact only is herein involved and decision turns upon the appreciation of evidence.

Appeal from Civil District Court, Division "B."

. E. J. Meral, for Plaintiff and Appellant.

Boatner & Manion, for Defendant and Appellee.

MOORE, J. Plaintiff's suit is based on the following instrument.

"We hereby order ten thousand paraffine cardboard signs, 36 by 14 inches, four changes, 2500 of each, printing colors to be blue and white and black and yellow, five thousand of each color, the blue and white to be dark navy blue and chalk white, as per sample enclosed; the black and yellow to be like sample enclosed; the large lettering to be heavy, clean type similar to the sample celluloid starch sign enclosed, and the small letters same pattern. No borders on signs. The wording to be as follows. Partly colored sketches, to be furnished at once. Price, $230 . In two shipments, one as quick as possible, and the other in 60 days, or all at once, and two payments, half cash and 60 day note.

"FORD BROS."

The goods ordered were made up by the plaintiff and shipped to defendants who received same paid "$25.50 freight thereon and $5.00 drayage.

Upon opening the packages the defendant discovered that they did not come up to sample and declined to pay for same. This suit followed, defendants claiming in reconvention the items . of freight and drayage. There was judgment rejecting the plaintiff's demand and in favor of the defendants on their reconventional demand as stated. From this judgment plaintiff appeals.

It is abundantly established by the evidence that the black

and yellow signs were made strictly according to the sample sent the defendants and approved by them and that, therefore, no valid excuse exists for the rejection of this lot. It is equally as well established that the blue and white signs do not correspond with the sample and order either in design or color or in character of workmanship. This lot was ordered to be without border and of a dark "navy blue" shade, whereas this lot had borders and were of a light shade of "marine blue." Moreover, they were blurred and blotched and fell below the standard of first class work. This lot was properly rejected.

Plaintiff is therefore entitled to a judgment for one hundred and fifteen dollars with legal interest thereon from Nov. 1st, 1904, the day the debt became due, until paid, and defendants are entitled to a judgment on their reconventional demand for $14.75-100, one half of the freight and drayage paid.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby avoided and set aside and it is now orderd, adjudged and decreed that plaintiff's have judgment on the main demand against the defendants in solido in the full sum of one hundred and fifteen dollars with legal interest thereon from Nov. 1st, 1904, till paid; and it is further ordered, adjudged and decreed that defendants have judgment against plaintiff on their reconventional demand in the sum of fourteen 25-100 dollars.

The costs of the lower Court as well as the costs of appeal to be paid by the defendants.